IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Walter L. Workman, Jr.,            )    C. A. No. 2:04-23348-GRA-RBC
                                   )
         Plaintiff,                )
                                   )
     -versus-                      )    **REPORT AND RECOMMENDATION**
                                   )
Jo Anne Barnhart, Commissioner)
of Social Security,                )
                                   )
         Defendant.                )

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District.

The plaintiff, Walter L. Workman, Jr., brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits under Title II of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff filed an application for disability insurance benefits on August 8, 2002, alleging that he became unable to work on June 20, 2000, due to lymphoma cancer, diabetes mellitus, coronary artery heart disease, right shoulder pain and right knee pain, and anxiety. The application was denied initially and on reconsideration by the Social Security Administration. On April 7, 2003, the plaintiff appeared for a hearing with counsel and Dr. Robert Brabham, Jr., a vocational expert, considered the case

<u>de</u> <u>novo</u>, and on February 6, 2004, found that the plaintiff was not under a disability as defined in the Social Security Act, as amended.  The administrative law judge's finding became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on October 20, 2004.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1.   The claimant meets the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2.   The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3.   The claimant's a history of coronary artery disease; obesity; right shoulder pain; and left knee pain, status post surgery, are considered to be "severe" based upon the requirements in the Regulations 20 CFR § 404.1520(c).
>
> 4.   These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5.   The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6.   The claimant has the following residual functional capacity: to lift and carry items weighing 50 pounds occasionally and 10 pounds frequently; to sit for 6 hours in an 8-hour day; to stand for 6 hours in an 8-hour day; and to walk for 6 hours in an 8-hour day at a normal pace. The claimant has the following additional limitations:  to push and pull frequently; to avoid concentrated exposure to humidity; to reach

2

frequently with his right upper extremity; to climb, balance, stoop, crouch, kneel, and crawl occasionally; and the need to take 2-3 breaks per day for 15 minutes each.

7.    The claimant's past relevant work as a supermarket manager and a human resources advisor did not require the performance of work-related activities precluded by his residual functional capacity. (20 CFR § 404.1565).

8.    The claimant's history of coronary artery disease, obesity, right shoulder pain, and left knee pain, status post surgery, do not prevent the claimant from performing his past relevant work.

9.    The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision.  (20 CFR § 404.1520(e)).

Tr. 22-23.

## APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability."  42 U.S.C. § 423(a).  Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can expected to result in death or which has lasted or can be expected to last for at least 12 continuous months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions.  An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2)

3

has a severe impairment, (3) has an impairment which equals an impairment contained in the Social Security Act listings of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work.  20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied.  Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Secretary's decision as long as it is supported by substantial evidence.  See Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)).  The phrase "substantial evidence" is defined as evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

In short the only issue before the Court is whether the final decision of the Commissioner is supported by substantial evidence and proper legal standards have been applied.

4

## ARGUMENT

By brief, the plaintiff argued that the administrative law judge committed reversible error by failing to properly credit the opinions of his treating doctors, Dr. Kimberly Jackson and Dr. Rebecca Cody, by failing to find that the plaintiff's lymphoma and diabetes mellitus are severe impairments, and by failing to properly assess the plaintiff's credibility.  The general rules of law as applicable with regard to each argument follows.

## TREATING PHYSICIAN RULE

The Fourth Circuit Court of Appeals has held that "the opinion of a claimant's treating physician must be given great weight."  Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Such opinion is entitled to great weight for it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.

While the Commissioner is not bound by the opinion of a claimant's treating physician, it may be disregarded only if there is persuasive contradictory evidence.  Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983).  Yet the court of appeals has also ruled that the testimony of a non-examining physician can be relied upon when it is consistent with the record.  Kyle v. Cohen, 449 F.2d 489, 492 (4th Cir. 1971). Furthermore, if the medical expert testimony from examining or treating physicians goes both ways, a determination coming down on the side of the non-examining, non-treating physician should stand.  Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984).

## SEVERE IMPAIRMENTS

Social Security Ruling 85-28 explains the determination of whether a plaintiff has severe impairments:

> An impairment or combination of impairments is found "not severe" and a finding of "not disabled" is made at this step when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered (i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities). Thus, even if an individual were of advanced age, had minimal education, and a limited work experience, an impairment found to be not severe would not prevent him or her from engaging in SGA.

> The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs. Examples of these are walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting. Thus, these basic work factors are inherent in making a determination that an individual does not have a severe medical impairment.

> Although an impairment is not severe if it has no more than a minimal effect on an individual's physical or mental ability(ies) to do basic work activities, the possibility of several such impairments combining to produce a severe impairment must be considered. Under 20 CFR, sections 404.1523 and 416.923, when assessing the severity of whatever impairments an individual may have, the adjudicator must assess the impact of the combination of those impairments on the person's ability to function, rather than assess separately the contribution of each impairment existed alone. A claim may be denied at step two only if the evidence shows that the individual's

impairments, when considered in combination, are
not medically severe, i.e., do not have more than
a minimal effect on the person's physical or
mental ability(ies) to perform basic work
activities. If such a finding is not clearly
established by medical evidence, however,
adjudication must continue through the sequential
evaluation process.

Inherent in a finding of a medically not severe
impairment or combination of impairments is the
conclusion that the individual's ability to engage
in SGA is not serious affected. Before this
conclusion can be reached, however, an evaluation
of the effects of the impairment(s) on the
person's ability to do basic work activities must
be made. A determination that an impairment(s) is
not severe requires a careful evaluation of the
medical findings which describe the impairment(s)
and an informed judgment about its (their)
limiting effects on the individual's physical and
mental ability(ies) to perform basic work
activities; thus, an assessment of function is
inherent in the medial evaluation process itself.
At the second step of sequential evaluation, then,
medical evidence alone is evaluated in order to
assess the effects of the impairment(s) on ability
to do basic work activities. If this assessment
shows the individual to have the physical and
mental ability(ies) necessary to perform such
activities, no evaluation of past work (or of age,
education, work experience) is needed. Rather, it
is reasonable to conclude, based on the minimal
impact of the impairment(s), that the individual
is capable of engaging in SGA.

SSR 85-28.

## CREDIBILITY DETERMINATION

The administrative law judge could not reject plaintiff's

application without first considering plaintiff's subjective

complaints. "[O]nce the claimant produces medical evidence of an

underlying impairment, the Commissioner may not discredit the

claimant's testimony as to subjective symptoms merely because

they are unsupported by objective evidence." Carradine v.

Barnhart, 360 F.3d 751, 753 (7th Cir. 2004)(quoting Lester v.

7

Chater, 81 F.3d 821, 834 (9th Cir. 1996)). Rather, the administrative law judge must proceed to evaluate the "intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities." SSR 96-7p. "The absence of objective medical evidence is just one factor to be considered along with: (a) the claimant's daily activities; (b) the location, duration, frequency and intensity of pain; (c) precipitating and aggravating factors; (d) type, dosage, effectiveness and side effects of medication; (e) treatment other than medication; (f) any measures the claimant has used to relieve the pain or other symptoms; and (g) functional limitations and restrictions." Knight v. Chater, 55 F.3d 309, 314 (7th Cir. 1995); see also, SSR 96-7p; 20 C.F.R. § 404.1529(c). An administrative law judge's evaluation of a claimant's credibility must contain "specific reasons" and "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

## DISCUSSION

This matter was scheduled for oral arguments in August 2005, and then rescheduled to September 2005. In September because of weather and technical problems preventing the parties from appearing by teleconferencing, oral arguments were cancelled and the court advised that it would decide the matter on briefs. Thereafter, the court received notice that the government could

8

not in good faith oppose the plaintiff's position and would not object to a Report and Recommendation or subsequent Order granting the plaintiff's prayer.

A review of the record likewise supports the plaintiff's claim for benefits.

## CONCLUSION

Now, therefore, for the reasons stated above, it is recommended that this court grant the plaintiff's prayer for relief and enter an order reversing the decision of the Commissioner and directing the Commissioner to establish the period of disability claimed pursuant to 42 U.S.C. §416(i), and to award disability insurance benefits pursuant to 42 U.S.C. §§423.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

September 16, 2005

9